**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| BONITA HOMES, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:26-CV-00213-WLS |
| | : | |
| AUTO-OWNERS INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Before the Court is a motion for partial judgment on the pleadings based on Georgia procedural law. (Doc. 3.) Defendant Auto-Owners Insurance Company filed its motion for partial judgment on the pleadings in the Lowndes County Superior Court on May 13, 2026. (*Id.*; Doc. 1-8; Doc. 1-9.) On July 28, 2026, after learning that Plaintiff Bonita Homes LLC is a citizen of Florida, Auto-Owners removed the action to this Court and attached the motion to its notice of removal. (Doc. 1-8; Doc. 1-9.) On August 4, 2026, Auto-Owners refiled its motion for partial judgment on the pleadings as a separate motion in this action. (Doc. 3.) Bonita Homes filed no response.

The motion and memorandum in support are addressed to the Lowndes County Superior Court and retain superior court digital filing stamps. (Doc. 3; Doc. 3-1.) Auto-Owners' motion is also made under state procedural law. (Doc. 3 at 1 (citing Ga. Code Ann. § 9-11-12(c)).) But federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Berk v. Choy*, 607 U.S. 187, 192 (2026). And when a Federal Rule of Civil Procedure "answers the disputed question," it displaces state law. *Berk*, 607 U.S. at 192.

Here, Auto-Owners moves for judgment on the pleadings on Bonita Homes' claim for negligent claims handling and supervision, and on the demand for consequential and punitive damages. (Doc. 3-1 at 1.) The "disputed question" is thus whether Bonita Homes' complaint

states a plausible claim for negligent handling and supervision, and a plausible demand for consequential and punitive damages. Rule 8(a) answers this question because it "prescribes the information a plaintiff must present about the merits of [its] claim at the outset of litigation . . . ." *Berk*, 607 U.S. at 193. And the procedural basis for Auto-Owners' motion is governed by Rule 12(c). The Federal Rules of Civil Procedure thus displace state law on this point and Auto-Owners' motion is inapplicable.

Because Auto-Owners' Motion for Partial Judgment on the Pleadings (Doc. 3) is inapplicable to this action as pleaded, it is **DENIED** without prejudice. If Auto-Owners wishes to move for judgment on the pleadings, it must do so by a separate motion based on federal procedural law.

**SO ORDERED**, this 8th day of September, 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**